UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-mj-173 |
| | ) | |
| JACKSON FLEMING | ) | |

## UNITED STATES' BAIL REFORM ACT BRIEF

Comes now the United States of America, in response to the Court's order (ECF 6), by its counsel M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Francis Sohn, Assistant United States Attorney, in support of the Government's position that a detention hearing should be held.

Defendant is charged by complaint with making a threat in interstate commerce to injure the person of another. 18 U.S.C. § 875(c). To prevail, the Government will have to show (1) the defendant knowingly transmitted a communication; and (2) the communication contained a true threat to injure any person; (3) the defendant transmitted the communication with the requisite *mens rea*; and (4) the communication was transmitted in interstate commerce. 7th Cir. Pattern Jury Instr. § 875(c) (page 322).[1] The Government seeks a detention hearing based on multiple, independently dispositive portions of the Bail Reform Act.

---

[1] The third element listed in the pattern jury instructions is that the defendant transmitted the communication "for the purpose of making a threat" or "knowing the communication would be viewed as a threat," but that does not account for the Supreme Court's recent holding that "a recklessness standard is enough" to hold a defendant criminally liable for making threats. *Counterman v. Colorado*, 143 S. Ct. 2016, 2111-13 (2023); *see also Elonis v. United States*, 575 U.S. 723, 734-37 (2015) (explaining that § 875(c) does not specify the requisite mental state and thus courts should "read into [it] 'only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct'").

1

*18 USC § 3142(f)(2)(B) – Substantial Risk to Obstruct or Intimidate Witnesses*

The Government seeks a detention hearing under 18 U.S.C. § 3142(f)(2)(B) because Defendant (1) poses a serious risk of obstructing or attempting to obstruct justice; and (2) poses a serious risk of threatening or intimidating—or attempting to threaten or intimidate—prospective witnesses. The Government will proffer information showing it more likely than not that Defendant poses such serious risks. *United States v. McGibney*, 2020 WL 4746179, at *3 (N.D. Ind. Aug. 14, 2020) (setting out standard); *see also United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019).

When considering whether Defendant poses a serious risk to obstruct justice, this Court can consider prior acts of destroying evidence. *E.g.*, *United States v. Teixeira*, 2023 WL 5672758, at *4-5 (D. Mass. Sept. 1, 2023); *United States v. DeGrave*, 539 F. Supp. 3d 184, 200-01 (D.D.C. 2021) (Defendant's hard drives destroyed/missing); *United States v. Djoko*, 2019 WL 4849537, *3-4 (W.D. Wash. 2019) (defendant's deleting texts suggested risk of obstruction). Similarly, when considering whether Defendant posses a serious risk to threaten or intimidate, this Court can consider his past decisions to threaten or intimidate. *See, e.g., United States v. Middleton*, 2024 WL 5246595, *4 (S.D. Ill. 2024) (defendant made numerous threats in the past and did not stop when told to).

As the Government's proffer will show, there are serious risks both that Defendant will obstruct or attempt to obstruct justice and that he will threaten or intimidate prospective witnesses or attempt the same—and either risk is independently sufficient to trigger a detention hearing. For instance, Defendant committed the charged offense only a few days ago, the investigation remains

2

ongoing, and releasing Defendant would risk significant interference with witnesses and evidence. As it relates to witnesses, the Defendant, who has been alleged to already make violent threats in the complaint, will have the advantage over the investigators as to whom may be able to corroborate his postings of the charged threat. He has already allegedly shown a willingness to threaten the safety of individuals and could repeat his behavior to ensure yet unknown witnesses do not come forward or cooperate. This creates a substantial risk that cannot be contained through non-custodial means. Further, as it relates to evidence, the charged threat was conveyed via electronic means and much of the evidence in this case is likely to be electronic. Indeed, threat cases are often proven based on electronic evidence and communications that help establish, among other things, the Defendant's conduct and *mens rea*, and such evidence and communications can be readily deleted—particularly where, as here, Defendant engaged in a wide variety of online activity and necessarily has superior knowledge of his online accounts, communications, and conduct. *See, e.g., United States v. Bradbury*, 848 F.3d 799, 800 (7th Cir. 2017) (noting Defendant destroyed electronic evidence of crime).[2] Based on these substantial risks, and the fact-specific analysis the Government will proffer, the Court should hold a detention hearing under 18 U.S.C. § 3142(f)(2)(B).

*18 USC 3142(f)(1)(A) – Crime of Violence*

The Government independently seeks a detention hearing under 18 U.S.C.

---

[2] In this matter, law enforcement is aware the Defendant has used both anonymous sites like Jodel and other social media sites where he has utilized email pseudonyms. It will thus take time to identify and preserve accounts associated with him that may be relevant.

3

§ 3142(f)(1)(A) because the charged offense is a "crime of violence." Under the Bail Reform Act's residual clause, a "crime of violence" is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). While similar residual clauses have been found unconstitutionally vague in statutes that (1) establish new criminal offenses or (2) set severe or enhanced penalties, the Bail Reform Act's residual clause does neither—and it does not implicate the notice and arbitrary enforcement concerns underlying the vagueness doctrine. *United States v. Watkins*, 940 F.3d 152, 159-61 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2584 (2000). Rather, the clause "merely performs a gate-keeping function by narrowing the types of offenses that render an arrestee eligible for a detention hearing." *Id.* at 160. Since the clause "does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine, it is not amenable to a due process challenge and is therefore not unconstitutionally vague." *Id.* at 160-61; *see also, e.g.*, *United States v. Medina*, 2024 WL 3509575, *2-3 (D.N.M. 2024); *United States v. Twitty*, 2024 WL 4579601, at *2 (S.D. Ga. 2024).

Here, the charged § 875(c) offense "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). In determining whether an offense qualifies as such, courts have looked to the elements of the offense and how the "ordinary case" of the crime plays out. *Watkins*, 940 F.3d at 163. A defendant can be convicted under § 875(c) only if he conveys a true threat—*i.e.*, a "'serious expression' conveying that a speaker means to 'commit an act of unlawful violence.'" *Counterman*,

4

143 S. Ct. at 2114 (quotations omitted). Accordingly, § 875(c) threat cases necessarily implicate violence. And even if such threats are not actually carried out in every case, they at least present a substantial risk of violence against the pertinent victims. Moreover, in the ordinary case, there is also a risk that such threats will be met with the use of force to property (*e.g.*, breaking down a door and taking like steps to discover the threatener, investigate his threats at the location in which they were made, or the like) or the use of force against another's person (the reaction necessary to prevent the threatener from following through with it or, for example, the shooting of an innocent person in this case while authorities responded to the threat). In fact, those courts that considered the issue under the elements clause held that § 875(c) requires the use, attempted use, or threatened use of force in every instance. *See, e.g., Sotelo v. United States*, 922 F.3d 848, 855-56 (7th Cir. 2019) (collecting cases). While those cases' elements-clause analysis is not controlling in the wake of *Counterman*, *see supra* note 1, the fact that courts categorically found that § 875(c) involves physical force is illustrative of the ordinary case. Because making a true threat involves a substantial risk of violence, the Court should hold a detention hearing under 18 U.S.C. § 3142(f)(1)(A).

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By: */s/ Francis Sohn*
Francis Sohn, Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Telephone: (219) 937-5500
Fax: (219) 852-2770

5